## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------------------x
TLI COMMUNICATIONS LLC,                          :
                                                 :      C.A. No. _____
                                   Plaintiff,    :
                                                 :
                                                 :
                  v.                             :
                                                 :
                                                 :      JURY TRIAL DEMANDED
DROPBOX, INC.                                    :
                                   Defendant.    :
                                                 :
                                                 :
                                                 :
-------------------------------------------------------------------------x
```

### Complaint for Patent Infringement

Plaintiff TLI Communications LLC ("TLI") files this Complaint for Patent Infringement ("Complaint") against Dropbox, Inc. ("Dropbox"), wherein, pursuant to 35 U.S.C. §§ 271 and 281, Plaintiff seeks a judgment of infringement by Defendant of U.S. Patent No. 6,038,295 (the "'295 Patent") and damages resulting therefrom pursuant to 35 U.S.C. § 284, as well as preliminary and permanent injunction of the infringing activity pursuant to 35 U.S.C. § 283, and such other relief as the Court deems just and proper, and in support thereof alleges as follows:

### The Parties

1.      Plaintiff TLI is a Delaware limited liability company with its principal place of business at 3422 Old Capitol Trail, Suite 72, Wilmington, Delaware 19808.

2.      On information and belief, Defendant Dropbox, Inc. is a Delaware corporation with its principal place of business at 185 Berry Street, San Francisco, California 94107. Dropbox may be served with process via its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

**Jurisdiction and Venue**

3.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action concerns infringement of a United States patent.

5.      Upon information and belief, Dropbox conducts substantial business in Delaware, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Delaware.  Further, this Court has personal jurisdiction over Dropbox because it is incorporated in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

6.      Venue is proper under 28 U.S.C. §§ 1391 and 1400.

**The Patent-in-Suit**

7.      TLI is the owner of the '295 Patent entitled "Apparatus and Method for Recording, Communicating and Administering Digital Images," which the United States Patent & Trademark Office lawfully and duly issued on March 14, 2000.  A true and correct copy of the '295 Patent is attached hereto as Exhibit A.

**Factual Background**

8.      Dr. Heinz Mattes is the named inventor of the '295 patent.

9.      The '295 patent claims priority to an application filed on June 17, 1996.  The '295 patent was originally assigned to Siemens Aktiengesellschaft of Munich, Germany.  TLI is the current owner of the '295 patent via assignment.

10.     In the mid 1990's, Dr. Mattes, while working as a scientist for Siemens, recognized that mobile telephony and digital photography, each then in their infancy, would likely become more and more popular.  Dr. Mattes recognized that mobile telephones could be integrated with digital cameras, resulting in a proliferation of the quantity of digital images that could and would be taken.

11.     Dr. Mattes invented a revolutionary way of communicating and recording such digital images, which allowed numerous images to be simply and quickly recorded, tracked, accessed and transmitted.

12.     In 1996, Dr. Mattes' invention was among the winners of a Siemens idea competition, leading to Siemens initiating a project to develop a cellular telephone with an integrated camera.

13.     The '295's patented inventions are applicable to the uploading and organization of digital images from a telephone.  Over the past few years, smart cellular telephones that incorporate sophisticated digital cameras have exploded in popularity, as has social media. Today, hundreds of millions of digital images are uploaded onto computer servers and social media websites every day, including via www.dropbox.com.  Dropbox's products use the '295's patented technology, without license or authority, to classify those images so that they can be easily uploaded, stored, organized, retrieved and shared.

## Dropbox's Infringing Products

14.     Dropbox provides web based products and services.

15.     Dropbox recently offered downloadable applications, especially designed for iPhone and Android mobile telephones, and other mobile telephone platforms, which allow telephone users to easily characterize and upload digital images to Dropbox servers.

16.     So that these digital images could be uploaded, stored and organized, Dropbox had to develop products and processes that, on information and belief, employ TLI's patented technology.  The infringing products include, but are not limited to, the products and processes that Dropbox uses to upload, store and organize the digital images it receives from mobile telephones ("Dropbox Infringing Products").  Discovery is expected to uncover the full extent of Dropbox's unlawful use of TLI's patented technology beyond these accused Infringing Products already identified through public information.

## CLAIM FOR RELIEF (Infringement of the '295 Patent)

17.     TLI incorporates by reference paragraphs 1 through 16 of the Complaint as if set forth here in full.

18.     Upon information and belief, Dropbox has been and is currently directly infringing one or more claims of the '295 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, the Dropbox Infringing Products.  For example, and without limitation, Dropbox has directly infringed and continues to directly infringe the '295 Patent in this judicial district and elsewhere in the United States.  Dropbox's infringement includes, without limitation, (i) making and using the apparatus of claim 1 and claims dependent thereon, and (ii) practicing the method of claim 17 and claims dependent thereon.

19.     Specifically, Dropbox's direct infringement includes, without limitation (i) its uploading of digital images from mobile telephones onto Dropbox servers (or onto servers operated on or for Dropbox's behalf ("Dropbox servers")), (ii) its testing of its Dropbox products by uploading images with mobile telephones onto Dropbox servers within the United States, and (iii) its maintaining Dropbox servers that categorize and store images that were uploaded via mobile telephones.  Dropbox also directs and/or controls its employees, executives, agents,

customers and agents to use the Dropbox Infringing Products to upload images from mobile telephones onto Dropbox servers within the United States.  Dropbox also directly infringes one or more claims of the '295 Patent by providing downloadable applications to mobile telephone users and thus putting the Infringing Products into use.

20.     Upon information and belief, upon knowledge of the '295 Patent (at least since the filing date of this Complaint), Dropbox is contributing to the infringement of the '295 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, agents and affiliates to make, use, sell and/or offer for sale the Dropbox Infringing Products in a manner that constitutes infringement of one or more claims of the '295 Patent.  There are no substantial uses of the Infringing Products that do not infringe one or more claims of the '295 Patent.  Dropbox mobile telephone applications that Dropbox provides to its customers, for example, have no substantial non-infringing use.

21.     Upon information and belief, upon knowledge of the '295 Patent (at least since the filing date of this Complaint), Dropbox is inducing infringement of the '295 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, agents and affiliates to make, use, sell and/or offer for sale Dropbox Infringing Products in a manner that constitutes infringement of one or more claims of the '295 Patent.

22.     To the extent that Dropbox's customers can be considered to put the Infringing Products into use, then Dropbox would also be inducing infringement of the '295 Patent by, among other things, knowingly and with intent (at least since the filing date of this Complaint), actively encouraging its customers to make and use Dropbox's products in a manner that constitutes infringement of one or more claims of the '295 Patent.

23.     As a result of Dropbox's unlawful infringement of the '295 Patent, TLI has suffered and will continue to suffer damage.  TLI is entitled to recover from Dropbox the damages adequate to compensate for such infringement, which have yet to be determined.

24.     Any further manufacturing, sales, offers for sale, uses, or importation by Dropbox of the Infringing Products will demonstrate a deliberate and conscious decision to infringe the '295 Patent or, at the very least, a reckless disregard of TLI's patent rights.  If Dropbox continues to manufacture, use, offer to sell, sell, and/or import the Infringing Products following its notice of the '295 Patent claims, Dropbox's infringement will be willful and TLI will be entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

25.     Dropbox will continue to infringe the '295 Patent unless and until it is enjoined by this Court.

26.     Dropbox's acts of infringement have caused and will continue to cause irreparable harm to TLI unless and until Dropbox is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, TLI prays for a Judgment in favor of TLI and against Defendant as follows:

A.     That Dropbox has directly infringed the '295 Patent;

B.     That Dropbox has indirectly infringed the '295 Patent;

C.     That this case is "exceptional" within the meaning of 35 U.S.C. § 285 against Dropbox;

D.     An order preliminarily and permanently enjoining Dropbox and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors,

assigns, and all those acting for them and on their behalf, or acting in concert with them directly or indirectly, from further acts of infringement of the '295 Patent;

      E.      A full accounting for and an award of damages to TLI for Dropbox's infringement of the '295 Patent; including enhanced damages pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest;

      F.      An award of TLI's reasonable attorneys' fees, expenses, and costs; and

      G.      A grant of such other and further equitable or legal relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

TLI hereby demands trial by jury on all issues so triable.

Dated: November 18, 2013

Respectfully submitted,

**FARNAN LLP**

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
302-777-0300
302-777-0301
bfarnan@farnanlaw.com

*Attorney for Plaintiff*

Of Counsel:

Robert A. Whitman
Mark S. Raskin
Mishcon de Reya New York LLP
750 Seventh Ave, 26th Floor
New York, New York 10019
Telephone (212) 612-3270
Facsimile (212) 612-3297